IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CATHY F. ROBERTS                                               PLAINTIFF

VS.                                          CIVIL ACTION NO. 2:17-cv-129-KS-MTP

COMMISSIONER OF SOCIAL SECURITY                                DEFENDANT

ORDER

THIS CAUSE IS BEFORE THE COURT on a Complaint [1] filed by Plaintiff Cathy F. Roberts pursuant to 42 U.S.C. §405(g) seeking judicial review of a final decision of the Commissioner of Social Security Administration denying her claim for disability insurance benefits. Magistrate Judge Michael T. Parker has submitted a Report and Recommendation [20] to the Court which addresses Plaintiff's Memorandum Brief [15] and the Commissioner's Motion to Affirm [17] by the Commissioner of Social Security. The Court has considered the record herein, the documents above described and specifically addresses the Plaintiff's Objections [21] to the Magistrate Judge's Report and Recommendation.

PROCEDURAL HISTORY

On July 25, 2013, Plaintiff applied for disability insurance benefits, alleging disability due to fibromyalgia and chronic back pain. (Administrative Record [11] at 215-18; 235). After the agency denied Plaintiff's claim, an Administrative Law Judge ("ALJ") held a hearing, and on May 2, 2016, the ALJ issued a decision finding that Plaintiff was not disabled. ([11] at 20-30; 35-53). Plaintiff appealed the ALJ's decision to the Appeals Council. On May 26, 2017, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final

decision of the Commissioner. ([11] at 5-8). Plaintiff now seeks judicial review in this Court under 42 U.S.C. § 405(g).

## ADMINISTRATIVE LAW JUDGE'S DECISION

In her May 2, 2016, decision, the ALJ applied the five-step sequential analysis set forth in 20 C.F.R. § 404.1520(b)-(f)[1] and determined that Plaintiff was not disabled. At step one, the ALJ noted that Plaintiff had worked after her alleged disability onset date—June 28, 2013. The ALJ, however, determined that Plaintiff's work activity since the alleged onset date did not rise to the level of substantial gainful activity. ([11] at 22).

At step two, the ALJ found that Plaintiff had the following severe impairments: fibromyalgia, carpal tunnel syndrome, and "left shoulder." The ALJ found that Plaintiff's hyperlipidemia, hypertension, and obesity were not severe. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. ([11] at 22-24).

---

[1] This analysis requires the ALJ to make the following determinations:
  (1) whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);
  (2) whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);
  (3) whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);
  (4) whether the impairment prevents the claimant from doing past relevant work (if not, a finding of "not disabled" is made);
  (5) whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled).
*See* 20 C.F.R. §§ 404.1520, 416.92. The burden of proof rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining his burden through step four, the burden then shifts to the Commissioner at step five. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

The ALJ then examined the record and determined that Plaintiff had the residual functional capacity ("RFC")[2] to "perform light work as defined in 20 CFR 404.1567(b),[3] with the following exceptions: she is limited to two hours of walking/standing during a normal 8 hour work day with normal breaks, and she should never climb ladders/ropes/scaffolds." ([11] at 25). At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a child and family therapist. Accordingly, the ALJ found that Plaintiff was not disabled. ([11] at 29-30).

STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to determining whether there is substantial evidence to support the Commissioner's findings and whether the correct legal standards were applied in evaluating the evidence. *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir. 1983). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established." *Id*. (citations omitted).

---

[2] "Residual Functional Capacity" is defined as the most an individual can still do despite the physical and/or mental limitations that affect what the individual can do in a work setting. 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1).

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determined that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R § 404.1567(b).

However, "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (internal citations and quotations omitted). Conflicts in the evidence are for the Commissioner, not the courts, to resolve. *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir. 1990). A court may not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, "even if the evidence preponderates against" the Commissioner's decision. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). If the decision is supported by substantial evidence, it is conclusive and must be affirmed. *Selders,* 914 F.2d at 617. Moreover, "'[p]rocedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988)).

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [21]

The Objections as listed by the Plaintiff are as follows:

1. The ALJ's analysis of Mrs. Roberts' severe impairments at step two of the five step analysis were sufficient and any errors harmless.

2. Mrs. Roberts objects to the Magistrate's decision that the ALJ's failure to apply SSR 12-2p in her analysis was a harmless error.

3. Mrs. Roberts objects to the decision that the ALJ did not err in her determination that Mrs. Roberts' impairments did not prevent her from doing past work.

The Court will address these.

Objection 1:

In her analysis the ALJ acknowledged Mrs. Roberts' fibromyalgia, carpal tunnel, and shoulder issues were severe and that they limited Plaintiff's ability to do basic work activities. Plaintiff's Objection is that these issues were not classified and did not raise her to the level of a disabling condition. The Court notes that the record is in conflict. The objective medical findings conflicted with Plaintiff's testimony of what limitations she had and how they affected her ability to work. The Plaintiff's past work history was that of a family therapist which is a sedentary job not requiring extreme physical exertion and certainly falls within the limits that the ALJ found that she could do. The finding by the ALJ was established by credible and substantial evidence, and the Court finds that the analysis of Judge Parker was correct and that the Plaintiff has not established total disability as required by the act in step two.

Objection 2:

Mrs. Roberts objects to Judge Parker's decision that the ALJ's failure to apply SSR 12-2p in her analysis was harmless error. The Court has considered this argument and the analysis set forth in the Report and Recommendation and finds that the Report and Recommendation is correct in its analysis. The medical evidence and testimony discussing what Plaintiff is able to do and the absence of documented limitations are significant evidence that the ALJ was able to rely on. The Court finds that the Magistrate Judge's analysis is correct and the second objection should be overruled.

Objection 3:

Plaintiff objects to the decision that the ALJ did not err in the determination that Mrs. Roberts' impairments did not prevent her from doing past work. As stated above, Mrs. Roberts' past work was that of a family therapist. This is obviously "light work" as defined in 20 C.F.R. § 404 and none of the record, other than Mrs. Roberts' testimony, establishes that her impairments would prevent her from doing past work. The Magistrate Judge's Report and Recommendation on this particular topic is correct, and the Court finds that there is substantial evidence to support the Commissioner's findings.

## CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the Objections. For reasons set forth above, this Court concludes that the Objections of Plaintiff lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court ACCEPTS, APPROVES AND ADOPTS the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, IT IS ORDERED that United State Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that the Motion to Affirm [17] filed by the Commissioner should be GRANTED and that this Complaint should be DISMISSED WITH PREJUDICE.

SO ORDERED this the ___28th____ day of March, 2019.

___s/Keith Starrett_____
UNITED STATES DISTRICT JUDGE